IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASTELLA WILLIAMS HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 4025 |
| AMERIQUEST MORTGAGE COMPANY, et al. | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Ameriquest Mortgage Company's and Defendant AMC Mortgage Services, Inc.'s ("AMC") (collectively referred to as "Ameriquest") motion to dismiss. For the reasons stated below, we deny the motion to dismiss in its entirety.

## BACKGROUND

Plaintiff Castella Williams Harris ("Harris") alleges that Ameriquest is in the business of extending loans and that AMC is an affiliate of Ameriquest Mortgage Company. Harris claims that prior to July 8, 2002, she applied for a mortgage ("Mortgage Loan") with Ameriquest in order to cover personal, family and

1

household expenses. The Mortgage Loan was allegedly closed on July 8, 2002. Harris contends that immediately prior to the close, she "was informed that the loan terms were being altered to her detriment." (A. Compl. 10). Harris also claims that she was provided with inadequate notice of her right to cancel the mortgage and that her payment scheduled was not fully and completely disclosed. Harris alleges that on June 13, 2005, she sent Ameriquest a notice of her intent to rescind her loan and Ameriquest refused to rescind her loan. Harris subsequently brought the instant action alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. Ameriquest has now filed a motion to dismiss.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail [the court could not] say at [that] early

2

stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Kyle*, 144 F.3d at 455, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

Ameriquest argues that Harris' claim is time-barred. In regard to the right to rescind, TILA provides the following:

3

> (f) Time limit for exercise of right
> *An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first,* notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later.

15 U.S.C. § 1635 (f)(emphasis added). In the instant action, Harris alleges that the Mortgage Loan was closed on July 8, 2002. She, therefore, had until July 8, 2005, to exert her right of rescission. Harris specifically alleges that on "June 13, 2005, plaintiff sent notice of her intent to rescind." (Compl. Par. 20). Thus, Harris exercised her right to rescind within the three year limitations period.

Ameriquest argues that Harris' notice of intent to rescind was "improperly vague and thus ineffective." (Mot. 3). However, in light of the allegations in this action such a determination would be premature at this juncture when the court can consider only the allegations contained in the complaint and certain documents attached to the complaint. *See Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)(indicating that for a motion to dismiss the court can consider only the pleading which consists of the complaint any certain documents attached to the complaint); *Johnson v. Equicredit Corp. of America*, 2002

4

WL 448991, at *3 (N.D. Ill. 2002)(indicating that in ruling on a motion to dismiss the court must limit its inquiry to the complaint and certain documents that are attached to the complaint). The issue concerning the adequacy of Harris' notice of intent to rescind could be addressed for example in a motion for judgment on the pleadings or summary judgment motion, but not in a motion to dismiss.

In addition, in regards to an action for damages under TILA for violations of Section 1635, any such action "may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Harris filed the instant action over a year after the consummation of the transaction. However, Harris correctly points out that Ameriquest's failure to honor Harris' June 13, 2005, request for a recision twenty days after the request was made was an independent violation of TILA for which she can recover damages. Harris cites *Canty v. Equicredit Corp. of America*, 2003 WL 21243268, at *2 (E.D. Pa. 2003) in which the court held that "[t]he failure to honor a request for recision constitutes the claim alleged by plaintiff and an independent violation of TILA, giving rise to a separate claim for damages." *Id.* at *2. We agree with the reasoning in *Canty* and therefore, since Harris filed the instant action within one year after her request for recision was denied, her damages claim is timely. Therefore, we deny Ameriquest's motion to dismiss in its entirety.

## CONCLUSION

Based on the foregoing analysis, we deny Ameriquest's motion to dismiss in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 19, 2006